**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**MICHELLE DESPAIN,**                                                        **PLAINTIFF**

**VS.**                              **No. 3:12CV00105 KGB**

**THE NORTHWESTERN MUTUAL**               **DEFENDANT/COUNTERCLAIMANT**
**LIFE INSURANCE COMPANY**                      **IN INTERPELADER**

_____

**THE NORTHWESTERN MUTUAL**               **THIRD-PARTY COMPLAINANT**
**LIFE INSURANCE COMPANY**                        **IN INTERPLEADER**

**VS.**

**JACK DESPAIN and TANA DESPAIN,**           **THIRD-PARTY DEFENDANTS**
**IN THEIR INDIVIDUAL CAPACITIES**

## <u>ORDER</u>

Before the Court are the motion for attorney's fees and costs and amended motion for attorney's fees and costs filed by defendant, counterclaimant, and third-party claimant in interpleader Northwestern Mutual Life Insurance Company ("Northwestern Mutual") (Dkt. Nos. 24, 25).

### I.      Background

Plaintiff Michelle Despain filed suit against Northwestern Mutual in the Circuit Court of Craighead County, Arkansas, alleging breach of contract and bad faith after Northwestern Mutual denied her claim for benefits under a life insurance policy issued to her spouse, Marc E. Despain.  Northwestern Mutual removed the action to this Court and filed a counterclaim and third-party complaint seeking to interplead the policy benefits.  In her initial answer, Ms. Despain claimed, as she did in her complaint, that Northwestern Mutual acted in bad faith when

it denied her claim for benefits.  Ms. Despain withdrew her bad faith claim against Northwestern Mutual after she was criminally charged in connection with Mr. Despain's death.

On June 13, 2012, the Court accepted Northwestern Mutual's tender of the policy benefits as a neutral stakeholder, and on June 21, 2012, the policy benefits, totaling $500,000.00, were deposited into the registry of the Court.

By Order dated September 10, 2012, the Court found that Northwestern Mutual was entitled to an award of reasonable counsel fees, costs, and other expenses to be paid out of the interplead funds and directed the parties to submit, within 30 days, an Agreed Bill of Costs and Fees for the Court's review and approval.  Northwestern Mutual filed the present motions when the parties were unable to agree on the reasonableness of Northwestern Mutual's fee claim.

In support of its claim for fees and costs, Northwestern Mutual submittted the Affidavit of Joshua P. Henry, along with an itemized list of costs and a Summary Fee Transaction File List, which shows the total billings for each timekeeper.  On January 14, 2013, the Court ordered Northwestern Mutual to submit its detailed billing records to the Court within 30 days for *in camera* review, which it did on February 6, 2013.  Northwestern Mutual seeks $24,333.00 in fees and costs in the amount of $172.49.

## II.    Analysis

### A.    Fees

As a general rule, attorney's fees should be awarded to a stakeholder in an interpleader action where the stakeholder acts in a disinterested manner and filed its suit in good faith. *Farmers Ins. Co. v. Personal Representative of Mitchell*, 755 F. Supp. 255, 257 (W.D. Ark. 1989).  "A disinterested stakeholder 'should not ordinarily be out of pocket for the necessary expenses and attorney's fees' it incurred in filing the interpleader action."  *Transamerica Life*

*Ins. Co. v. Lambert*, 2013 WL 328792, at *2 (E.D. Mo. Jan. 29, 2013) (quoting *Hunter v. Federal Life Ins. Co.*, 111 F.2d 551, 557 (8th Cir. 1940)).  However, a fee award should be limited to compensation for those services strictly related to the interpleader itself and should not include time devoted to limiting the liability of the client or briefing the attorney's fees issue. *Equifax, Inc. v. Luster*, 463 F. Supp. 352, 357 (E.D. Ark. 1978), *aff'd on other grounds sub nom. Arkansas Louisiana Gas Co. v. Luster*, 604 F.2d 31 (8th Cir. 1979).  "The institution of a suit in interpleader, including the depositing of the fund in the registry of the court and the procuring of an order of discharge of the stakeholder from further liability, does not usually involve any great amount of skill, labor or responsibility, and, while a completely disinterested stakeholder should not ordinarily be out of pocket for the necessary expenses and attorney's fees incurred by him, the amount allowed for such fees should be modest." *Hunter*, 111 F.2d at 557; *accord Lambert*, 2013 WL 328792, at *2 (citing 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1719 (3d ed. 1998)).

In determining a reasonable fee, the court considers the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates."  *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).

Northwestern Mutual seeks reimbursement for the services of its Jackson, Mississippi attorneys at the rates of $310.00 per hour for partner Walter D. Willson, $200.00 per hour for associate Joshua P. Henry, and $110.00 per hour for paralegals.  These rates are reasonable. Given that Mr. Willson and Mr. Henry account for the the vast majority of hours billed, and

because the number of hours billed by each is approximately the same, the Court concludes that a blended hourly rate of $250.00 for the work performed on the case is appropriate.

The Court has carefully reviewed the detailed billing statements submitted by Northwestern Mutual's counsel at the Court's request. The Court finds the approximately 61.6 hours spent preparing the counterclaim and third-party complaint in interpleader, unopposed motion to deposit funds, and motion to dismiss Northwestern Mutual to be excessive although the Court will award a reasonable fee. *See, e.g.*, *Lambert*, 2013 WL 328792, at *4 (finding that 19 hours expended in preparing the interpleader complaint and the motions to deposit funds was excessive). Further, as the work was related to the complaint in interpleader and motion to deposit funds, the Court will allow a reasonable fee for the approximately 9.1 hours reviewing filings and preparing removal papers and the approximately 10.3 hours spent preparing initial disclosures and a Federal Rule of Civil Procedure 26(f) report. The total number of hours Northwestern Mutual claims for this work is 81.0 hours. The Court will award Northwestern Mutual a reasonable fee for 40.5 hours at a blended rate of $250.00 per hour, for a total of $10,125.00.

The approximately 26.6 hours spent on the motion for attorney's fees and bill of costs, the approximately 7.6 hours spent responding to a writ of garnishment, and the approximately 2.1 hours spent reviewing and preparing a response to Ms. Despain's motion to stay is disallowed, as the Court determines that time is not sufficiently related to the interpleader itself.

### B. Costs

A party's request for costs is governed by Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. Allowable costs in most cases are limited to the categories set forth in 28 U.S.C. § 1920. Expenses not on the statutory list must be borne by the party incurring them. *Crawford*

*Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987).  Taxable costs include:  (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and interpreters under 28 U.S.C. § 1828.

Northwestern Mutual seeks $69.30 for copy charges, $93.29 for Westlaw research, and $9.90 for long-distance calls, for a total of $172.49.  The Court will permit Northwestern Mutual to receive $69.30 for copy charges.  Northwestern Mutual may not recover costs for Westlaw research, *see Leftwich v. Harris-Stowe State College*, 702 F.2d 686, 695 (8th Cir. 1983), or long-distance calls.

* * *

For the foregoing reasons, Northwestern Mutual's motion for attorney's fees and amended motion for attorney's fees are granted in part.  Northwestern Mutual is entitled to recover an attorney's fee of $10,125.00 and costs in the amount of $69.30, for a total of $10,194.30, from the funds deposited in the Court's registry.  Northwestern Mutual is directed to submit a proposed disbursement order to the Court within 10 days of the date of this Order.  *See generally* Local Rule 67.1.

SO ORDERED this 10th day of May, 2013.

_____
Kristine G. Baker
United States District Judge